```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                        FORT MYERS DIVISION
```

UNITED STATES OF AMERICA

vs.                                                2:03-cr-70-FtM-29DNF

IMMANUEL T. GILCHRIST
_____

## OPINION AND ORDER

This matter comes before the Court on defendant's Motion to Compel Specific Performance of Plea Agreement or Withdrawal of Guilty Plea (Doc. #S-1), filed on April 6, 2011. As directed by the Court, the government filed an In Camera Government's Response (S-5) on April 20, 2011. Defendant seeks to compel the government to file a motion under Fed. R. Crim. P. 35 based on his substantial assistance, or allow him to withdraw his guilty plea.

Defendant asserts that he is entitled to a Rule 35(b) motion based upon his cooperation, and that the government breached the Plea Agreement by failing to file a Rule 35(b). Defendant asserts that in light of his cooperation, there can be no reason for the failure to file a Rule 35(b) motion "other than Gilchrist's religious persuasion (Islam)." Doc. #S-1, p. 4).

Rule 35(b) gives to the government the sole discretion as to whether to file a motion for substantial assistance, and this discretion is "vast." Wade v. United States, 504 U.S. 181, 185 (1992). As a result, "federal district courts have authority to

review a prosecutor's refusal to file a substantial-assistance motion and to grant a remedy if they find that the refusal was based on an unconstitutional motive. Thus, a defendant would be entitled to relief if a prosecutor refused to file a substantial-assistance motion, say, because of the defendant's race or religion." Wade, 504 U.S. at 185-86.

> A defendant who merely claims to have provided substantial assistance or who makes only generalized allegations of an improper motive is not entitled to a remedy or to even an evidentiary hearing. [ ] Thus, judicial review is appropriate only when there is an allegation and a substantial showing that the prosecution refused to file a substantial assistance motion because of a constitutionally impermissible motivation.

United States v. Dorsey, 554 F.3d 958, 961 (11th Cir. 2009) (internal citation and quotation omitted). Defendant has failed to satisfy his burden of making a substantial showing that the failure to file a motion for substantial assistance was because of his religious persuasion.

Even assuming the Court has jurisdiction, however, defendant has not established that the failure to file a Rule 35(b) motion was a breach of his Plea Agreement. Whether the government has breached a plea agreement is a question of law. United States v. De La Garza, 516 F.3d 1266, 1270 (11th Cir. 2008), cert. denied, 129 S. Ct. 1668 (2009). Defendant's Plea Agreement expressly stated that the government only agreed to consider whether defendant's cooperation amounted to substantial assistance, and the decision would be vested in the government and could not be

-2-

challenged by defendant. The government Response asserts that defendant's cooperation was not substantial. Defendant merely disputes this evaluation. This does not show a breach of the Plea Agreement, since the government affirmatively considered whether defendant's cooperation amounted to substantial assistance. E.g., United States v. Agnew, 382 F. App'x 843, 844 n.* (11th Cir. 2010).

Accordingly, it is now

**ORDERED**:

Defendant's Motion to Compel Specific Performance of Plea Agreement or Withdrawal of Guilty Plea (Doc. #S-1) is **DISMISSED** for lack of jurisdiction, or alternatively, is **DENIED** for lack of merit.

**DONE AND ORDERED** at Fort Myers, Florida, this   21st   day of April, 2011.

JOHN E. STEELE
United States District Judge

Copies:
Counsel of Record
Immanuel T. Gilchrist