UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

IMMANUEL T. GILCHRIST,

      Petitioner,

v.                             Case No:  2:16-cv-480-FtM-29MRM
                                      Case No. 2:03-CR-70-FTM-29MRM

UNITED STATES OF AMERICA,

      Respondent.

_____

**OPINION AND ORDER**

This matter comes before the Court on petitioner's Motion Under 28 U.S.C. Section 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody (Cv. Doc. #1; Cr. Doc. #60)[1] filed on June 17, 2016, by appointed counsel pursuant to Johnson v. United States, 135 S. Ct. 2551 (2015) and Welch v. United States, 136 S. Ct. 1257 (2016). (Cr. Doc. #59.) On July 20, 2016, the Court stayed the case pending review by the United States Supreme Court in a case having direct impact on petitioner's ability to obtain relief. (Cv. Doc. #8.) On March 6, 2017, the United States Supreme Court affirmed the Eleventh Circuit in Beckles v. United States, 137 S. Ct. 886 (2017), and determined

_____

[1]The Court will refer to the docket of the civil habeas case as "Cv. Doc.", and will refer to the docket of the underlying criminal case as "Cr. Doc."

that the Sentencing Guidelines are not subject to a constitutional challenge for vagueness possibly foreclosing relief for petitioner. As a result, on March 20, 2017, the Court lifted the stay and directed petitioner to notify the Court if the motion was due to be dismissed, or if petitioner wished to proceed. (Cv. Doc. #11.)

## I.

On May 1, 2017, the Federal Public Defender's Office filed an Unopposed Motion to Withdraw as Counsel (Cv. Doc. #14) seeking to withdraw from further representation. Counsel notified petitioner by certified mail, received acknowledgement that petitioner signed for the letter, however petitioner has not indicated how he would like to proceed. Counsel asks that petitioner be permitted to proceed *pro se*. The Court will allow the Federal Public Defender to withdraw as counsel of record.

On June 11, 2003, a federal grand jury in Fort Myers, Florida returned a one-count Indictment (Cr. Doc. #7) charging petitioner with possession with intent to distribute 5 grams or more of crack cocaine. Petitioner entered a plea of guilty pursuant to a Plea Agreement (Cr. Doc. #20), which was accepted, and petitioner was adjudicated guilty. (Cr. Doc. #24.) On December 16, 2003, the

Court sentenced petitioner as a career offender[1] to a term of imprisonment of 188 months, to be followed by a term of supervised release. (Cr. Doc. #29.) Judgment (Cr. Doc. #30) was filed on December 16, 2003. Petitioner did not appeal to the Eleventh Circuit and the conviction became final 14 days after the December 16, 2003 Judgment. See Mederos v. United States, 218 F.3d 1252, 1253 (11th Cir. 2000). Under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), federal prisoners have one year from the latest of any of four events to file a § 2255 Motion:

> **(1)** the date on which the judgment of conviction becomes final;
>
> **(2)** the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> **(3)** the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> **(4)** the date on which the facts supporting the claim or claims presented could have been

---

[1] Petitioner qualified as a career offender because he was convicted of a felony controlled substance offense, he was 30 when the offenses were committed, and petitioner had at least 2 prior felony convictions of either a crime of violence or a controlled substance offense. See U.S. Sentencing Guidelines Manual § 4B1.1(b)(B). (Cr. Doc. #50, p. 8, ¶ 21.)

discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). Petitioner filed his motion pursuant to Section 2255(f)(3). However, it is clear from a review of the underlying criminal docket that petitioner was not sentenced under the Armed Career Criminal Act, and therefore Johnson and Beckles do not apply to extend the statutory time limitation of one year from the date petitioner's conviction became final. Therefore, the motion will be dismissed as untimely.

Counsel argues that Beckles may not have foreclosed relief for petitioner, however because petitioner's motion was based on Johnson, which does not entitle petitioner to relief, the motion must be denied. The Court notes that petitioner was released from his term of imprisonment on or about April 7, 2017.[2] Any eligibility for a reduction in the term of imprisonment is now moot.

Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

1. The Federal Public Defender's Unopposed Motion to Withdraw as Counsel (Cv. Doc. #14) is **GRANTED.** The Federal Public Defender's Office is relieved of further responsibility in this case, without prejudice, and no

---

2 See Bureau of Prisons inmate locator: https://www.bop.gov/inmateloc/.

further action will be taken with regard to the appointment. The Clerk shall terminate the Federal Public Defender's Office as counsel of record.

2. Petitioner's Motion Under 28 U.S.C. Section 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody (Cv. Doc. #1; Cr. Doc. #60) is **DISMISSED** as untimely, or in the alternative, is **DENIED** because he is not entitled to relief under Johnson and Welch.

3. The Clerk of the Court shall enter judgment accordingly and close the civil file. The Clerk is further directed to place a copy of the civil Judgment in the criminal file.

**IT IS FURTHER ORDERED:**

**A CERTIFICATE OF APPEALABILITY (COA) AND LEAVE TO APPEAL *IN FORMA PAUPERIS* ARE DENIED.** A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1); Harbison v. Bell, 556 U.S. 180, 183 (2009). "A [COA] may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282

(2004), or that "the issues presented were adequate to deserve encouragement to proceed further," <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 336 (2003)(citations omitted).  Petitioner has not made the requisite showing in these circumstances.

Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal *in forma pauperis*.

**DONE and ORDERED** at Fort Myers, Florida, this ___3rd___ day of May, 2017.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Petitioner
AUSA